**BUCHALTER**
A Professional Corporation
J. RICK TACHE (SBN: 195100)
KARI L. BARNES (SBN: 253640)
ROGER L. SCOTT (SBN: 247165)
CHRISTINA L. TRINH (SBN: 307879)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Facsimile: 949.720.0182
Email: rtache@buchalter.com
       kbarnes@buchalter.com
       rscott@buchalter.com
       ctrinh@buchalter.com

Attorneys for Plaintiffs,
Body Fit Training USA Inc. and
World Class Functional Training LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BODY FIT TRAINING USA INC., a Delaware corporation and WORLD CLASS FUNCTIONAL TRAINING LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>F45 TRAINING HOLDINGS INC., a Delaware corporation and F45 TRAINING PTY LTD, a New South Wales, Australia corporation,<br><br>Defendants. | Case No. 2:20-cv-7081<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY, UNENFORCEABILITY, AND NONINFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Body Fit Training USA, Inc. ("Body Fit Training") and World Class Functional Training LLC ("WCFT") complain and allege against defendants F45 Training Holdings Inc. ("F45 Holdings") and F45 Training Pty Ltd ("F45 Australia") (collectively "F45") as follows:

1
COMPLAINT
Case No. 2:20-cv-7081
BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
BN 41485902v1

## NATURE OF ACTION

1. Body Fit Training and WCFT seek a declaration that U.S. Patent Nos. 10,133,850 (the "'850 Patent") and 10,143,890 (the " '890 Patent"), both identically titled "Remote Configuration and Operation of Fitness Studios form a Central Server," (collectively, the "Challenged Patents") are invalid and unenforceable, and that Body Fit Training and WCFT do not infringe the Challenged Patents.  A true and correct copy of the '850 Patent and '890 Patent is attached hereto, respectively, as Exhibits 1 and 2.

2. Body Fit Training is a wholly owned subsidiary of Body Fit Training Company Pty Ltd ("Body Fit Australia"; Body Fit Training and Body Fit Australia are collectively referred to herein as "Body Fit").  Body Fit Training is a 75% owner of WCFT, which operates a Body Fit studio in Santa Monica, California.

3. Body Fit, at studios like the one operated by WCFT, offers high intensity interval training ("HIIT") workouts to its members, in addition to conventional exercise equipment and workouts.  When participating in HIIT workouts, members complete different exercises at different stations throughout the studio, creating a "circuit" of exercises.  To distinguish itself from many competitors in the marketplace, Body Fit developed technology that presents members with instruction and information about their workouts on screens within the fitness studio (the "Body Fit Technology").

4. Body Fit Training is the exclusive licensee of the Body Fit Technology in the United States, and WCFT practices the Body Fit Technology at its Santa Monica studio.

5. F45 Australia is an Australian company that directly competes with Body Fit Australia in the fitness marketplace.  On information and belief, F45 Australia is a subsidiary of F45 Holdings, which is headquartered in El Segundo,

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT
BN 41485902v1

2

Case No. 2:20-cv-7081

1  California.[1]  F45 Holdings and F45 Australia are collectively referred to herein as "F45."

6.  Like Body Fit, F45 offers circuit-style HIIT workouts using a screen-based system.  F45 obtained patents for its system including the Challenged Patents and substantially similar Australian patents (Australian Innovation Patent Nos. 2015101604 entitled "Remote Configuration and Operation of Fitness Studios form a Central Server" (the " '604 Patent") and 2016101429, similarly entitled "Remote Configuration and Operation of Fitness Studios form a Central Server" (the " '429 Patent"; collectively with the '604 Patent, the "Australian Patents").  A true and correct copy of the '604 Patent is attached hereto as Exhibit 3.  A true and correct copy of the '429 Patent is attached hereto as Exhibit 4.

7.  Like Body Fit, F45 has expanded its operations to the United States, specifically the Los Angeles, California area.  On information and belief, F45 has opened at least 12 studios in the Los Angeles area, each of which practice the Challenged Patents.

8.  While Body Fit and F45 offer similar services, the Body Fit Technology differs in significant ways from the inventions claimed in the Australian Patents.  Despite these differences, F45 Australia has sued Body Fit Australia in the Federal Court of Australia to enforce the Australian Patents.  Further, in a telephone call on July 15, 2020, Adam Gilchrist, the CEO of both F45 Holdings and F45 Australia, threatened to enforce the Challenged Patents against Body Fit Training stating "it's just the way things are done in the USA."

9.  The Challenged Patents cover unpatentable subject matter, specifically the abstract idea of configuring and operating a fitness studio generically

---

[1] Non-party Crescent Acquisition Corp. ("Crescent") has announced a plan of merger with F45 Holdings.  Crescent has made various filings with the United States Securities and Exchange Commission ("SEC") that make statements regarding the organization, citizenship, and relationship between F45 Holdings and other entities.  Body Fit is informed and believes that Crescent's filings with the SEC are true and accurate and therefore relies on those filing for its information and belief as to certain allegations.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT

3

Case No. 2:20-cv-7081

BN 41485902v1

implemented through a computer system. Even if patentable, the Challenged Patents are invalid for other reasons such as being anticipated by prior art, including F45's own Australian Patents. In addition, the '850 Patent is unenforceable based on inequitable conduct.

10. Given F45 Australia's existing litigation against Body Fit Australia involving the Australian Patents, and F45's threat to enforce the Challenged Patents against Body Fit Training a real, immediate, and substantial dispute exists between the parties concerning the Challenged Patents for which Body Fit Training now seeks declaratory relief. Because WCFT practices the Body Fit Technology, WCFT seeks a similar declaration.

## THE PARTIES

11. Body Fit Training USA, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Santa Monica, California.

12. World Class Functional Training LLC is a limited liability company organized under the laws of the state of California. WCFT has two members, each of which are citizens of the State of California. WCFT operates a fitness studio practicing the Body Fit Technology in Santa Monica, California.

13. F45 Training Holdings Inc. is a corporation organized and existing under the laws of Delaware. On information and belief, F45 Training Holdings Inc.'s principal place of business is in El Segundo, California.

14. F45 Training Pty Ltd is a corporation organized and existing under the laws of New South Wales, Australia.

## JURISDICTION AND VENUE

15. This action arises under the Declaratory Judgment Act of 1934 (28 U.S.C. §§ 2201-2202), Title 28 of the United States Code, for the purposes of determining an actual and justiciable controversy between the parties, and the

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT
BN 41485902v1

4

Case No. 2:20-cv-7081

patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.  This Court has personal jurisdiction over F45 Holdings because, on information and belief, its principal place of business is in El Segundo, California.

17.  This Court has personal jurisdiction over F45 Australia because (i) through its CEO, Adam Gilchrist, it threatened litigation against residents of this district, specifically Body Fit Training and, by extension, WCFT, (ii) on information and belief, it has permitted or directed the practice of the Challenged Patents in this district through F45's Los Angeles-based franchises, (iii) it directs itself to this district through an interactive website, www.f45training.com,[2] which solicits and collects information from potential franchisees and offers products for sale in this district.

18.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because both F45 and Body Fit Training conduct business in this district.

## GENERAL ALLEGATIONS

19.  F45 and Body Fit were each founded in Australia and each offer memberships to fitness studios in Australia and the United States offering HIIT workouts.  Body Fit and F45 developed similar—although meaningfully distinct—platforms to distinguish themselves from competitors in the fitness marketplace.  Specifically, systems that allow members to participate in HIIT workouts by following directions viewable on display screens located at fitness stations and/or positioned elsewhere within the fitness studio.

20.  F45 has expanded its presence in the United States substantially through its franchise model, including 12 F45 franchises in the Los Angeles area alone.

---

[2] The webpage https://f45training.com/terms/ and the associated webpage https://www.f45invest.com/terms state "F45 Training Pty Ltd (ACN 162 731 900) is the owner and operator of this website."

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT
BN 41485902v1

5

Case No. 2:20-cv-7081

21. In January 14, 2019, Body Fit Training, entered into a joint venture with a third-party to form WCFT and open a Body Fit Studio in Santa Monica, California. WCFT practices the Body Fit Technology by virtue of Body Fit Training's exclusive license to the Body Fit Technology in the United States.

**F45 Sues Body Fit Australia and Threatens to Sue Body Fit Training**

22. On November 1, 2019, F45 filed suit in the Federal Court of Australia, Case No. NSSD1795/2019 (the "Australian Action") alleging that Body Fit infringed the Australian Patents.

23. The claimed subject matter of the Australian Patents is substantially similar to the claimed subject matter of the Challenged Patents.

24. In the Australian Action, Body Fit denied that it infringes the Australian Patents and asserted that the Australian Patents are not valid or enforceable.

25. The Australian Action remains pending.

26. On or about July 15, 2020, in a telephone call that included both Body Fit's joint CEOs, Cameron Falloon and Richard Burnet, and F45's CEO, Adam Gilchrist, Mr. Gilchrist informed Mr. Falloon and others that F45 intended to sue Body Fit in the United States stating "[w]e will do whatever it takes to protect our network. We will be filing in the USA and suing you for $50M. Don't take it personally, it's just the way things are done in the USA."

27. Since Body Fit's only operation in the United States is through Body Fit Training's exclusive license to the Body Fit Technology and WCFT's practice of that technology in Santa Monica, California, and based on F45's litigation to enforce the Australian Patents, Body Fit understood F45's threat as a threat to enforce the Challenged Patents against Body Fit Training and WCFT.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

6

COMPLAINT

Case No. 2:20-cv-7081

BN 41485902v1

## The Challenged Patents

### Ownership of the Challenged Patents

28.     According to SEC filings made in advance of F45's planned merger with Crescent, "[a] critical component to the success of F45's business is its patented technology that provides it with the ability to remotely manage each in-studio experience across F45's global network of 1,240 open studios (as of March 31, 2020) from a centralized hub at F45 Training headquarters."

29.     Based on the recorded patent file history at the United States Patent and Trademark Office ("USPTO"), F45 Australia is identified as the assignee of the Challenged Patents.

30.     However, through its July 16, 2020 Schedule 14A Proxy Statement, Crescent stated that F45 Holdings, not F45 Australia holds the Challenged Patents. Specifically, Crescent stated "[a]s of March 31, 2020, F45 held two issued U.S. patents." In the context of that Proxy Statement, "F45" is defined as F45 Holdings.

31.     Further confusing matters, Section 4.18(b) of the Agreement and Plan of Merger filed by Crescent states that "One of the Group Companies is the sole and exclusive owner of all right, title and interest in [the Challenged Patents]." "Group Companies" is defined as F45 Holdings "and all of its direct and indirect Subsidiaries." The Proxy Statement refers to F45 Australia as "F45 [Holdings'] subsidiary."

32.     Based upon the file history of the Challenged Patents, as well as Crescent's statements in its filings with the SEC, Body Fit is informed and believes that either or both F45 Holdings and F45 Australia hold an enforceable interest in the Challenged Patents. Should Body Fit discover that the true ownership of the Challenged Patents requires the addition of parties, or the dismissal of parties, Body Fit will promptly amend its Complaint to name the proper parties.

7

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT
BN 41485902v1

Case No. 2:20-cv-7081

**The '890 Patent**

33. Filed on November 4, 2015, the '890 Patent is directed to "[a] method for configuring and operating one or more fitness studios" with multiple exercise stations where the specific exercise routines to be implemented at the studio are transmitted through a "communications network," "by the server," and "from a multi-period fitness library" to the studio to be displayed on screens in the studio. '890 Patent Abstract and Claim 1.  The "multi-period" nature of the claimed system varies the types and order of the exercise routines, including how the exercise stations within the studio are physically placed, and what videos should be displayed to direct the user on proper exercise form. *Id*. at Claim 1.[3]

**The '850 Patent**

34. Filed on March 8, 2017, the '850 Patent is a continuation-in-part from the '890 Patent.  The '850 Patent is substantially similar to the '890 Patent except that it introduces the concept of an "open environment studio structure comprising a plurality of dedicated exercise lanes." '850 Patent Claim 1.  The exercise lanes can include a "mat material" that may be "continuous[ly] looped" and include "decorative lighting." *Id*. at Claims 4-6.

35. The relevant portions of the specification of the '850 Patent are identical to the corresponding portions of the specification of the '890 Patent disclosing the structure and configuration of the fitness studio that is the subject of the claims of the '850 Patent.

36. On information and belief, at the time F45 amended the two independent claims of the '850 Patent to include an "open environment" limitation to overcome an anticipation rejection, F45 was aware that the specification of the '850 Patent failed to provide support for such a limitation.

---

[3] For purposes of the Complaint, Body Fit refers to Claim 1 of the '890 Patent as an exemplar of the remaining claims.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT
BN 41485902v1

8

Case No. 2:20-cv-7081

37. Any doubt regarding such lack of support for the "open environment" amendment to the independent claims of the '850 Patent was eliminated on June 28, 2018, when the USPTO issued a Final Office Action in connection with the '890 Patent rejecting a corresponding amendment made by F45 to add the "open environment" limitation under 35 U.S.C. § 112(a), as failing to comply with the written description requirement because the specification of the '890 Patent failed to provide any support for the "open environment" limitation.

38. Despite such knowledge, on the same day that F45 filed a Response After Final in the '890 Patent to delete the "open environment" limitation from the rejected claims to overcome the 35 U.S.C. § 112(a) rejection, F45 filed an Response After Final in the '850 Patent, where it knowingly and intentionally allowed the "open environment" limitation to remain in the two independent claims of the '850 Patent and failed to disclose the prior rejection of such a claim limitation in its related '890 Patent. Instead, F45's Response After Final in the '850 Patent was limited to arguing over the anticipation rejection on other grounds.

39. Further, by adding new matter to the '850 Patent, F45 removed any relation back to the priority date of the '890 Patent. *Go Medical Indus. Pty. Ltd. v. Inmed Corp.*, 471 F.3d 1264, 1270 (Fed. Cir. 2006) ("New subject matter does not receive the benefit of the earlier priority date.").

**The Challenged Patents Are Nothing More Than An Abstract Idea Implemented By A Computer**

40. Setting aside lane-lines and decorative lighting in the '850 Patent, the fundamental concept of the claims of the Challenged Patents is directed to a "computer implemented method," "system" or "non-transitory computer readable storage medium" to add variety to member workouts to keep them motivated. According to the claims of the Challenged Patents, this objective is obtained by "configuring and operating one or more fitness studios" with multiple exercise stations where the specific exercise routines to be implemented at the studio are

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT
BN 41485902v1

9

Case No. 2:20-cv-7081

transmitted through a "communications network," "by the server," and "from a multi-period fitness library" to the studio to be displayed on screens in the studio.

41. Nothing within the claims or specification of the Challenged Patent identifies any improvement to computer functionality or any new and useful technique. Rather, the claims are directed to activities performed by staff and members on a regular basis at most fitness studios. In fact, the claims of the Challenged Patents do nothing more than transmit through a conventional computer network to screens how exercise equipment should be organized and how a user should perform the exercises on a day-to-day basis.

42. There is nothing special about the computer network required. The generic network and computer elements do what all other computer networks do: transmit information between remote computers. Nor is there anything claimed to be special about the exercise equipment or exercises themselves. There is just a screen telling the user how and how long to perform exercises instead of a human instructor with a stopwatch.

43. In other words, all the Challenged Patents claim to do is add a computer and a screen to do what fitness studios have done for years through human interaction.[4] Nothing in the claim elements add anything that transform the claims into a patent-eligible application.

**The Challenged Patents Are Invalidated By Prior Art**

44. Even if the Challenged Patents were directed to patentable subject matter, they are invalidated by prior art.

45. By way of example, because the '850 Patent added new matter not present in any prior F45 patent, the priority date of the '850 Patent is March 8, 2017. F45's Australian '604 Patent was published on December 3, 2015, more than one year before the '850 Patent's priority date. As a result, the '604 Patent

---

[4] Notably, although directed to a "computer implemented method," the '890 Patent claims as an element "periodically physically redistributing the exercise stations." '890 Patent, Claim 1.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

10

COMPLAINT
BN 41485902v1

Case No. 2:20-cv-7081

constitutes prior art rendering the '850 Patent obvious.  F45 never disclosed the '604 Patent to the USPTO.

46.     The '604 Patent has the same disclosure as the '890 Patent including the method and system for remote configuration and operation of fitness studios from a central server.  "Disclosed are arrangements, referred to as Distributed Periodically Varied, Studio Configuration (DPVSC) arrangements, which download from a central server to a plurality of remote exercise studios, periodic exercise routines which vary different exercise parameters in order to improve the novelty of the exercise environment and thus improve the effectiveness thereof." ('604 Patent, ¶ [0003].)

47.     The new matter added into the '850 Patent including the open studio environment is shown and described in the prior art, such as, for example U.S. Patent Application No. 2012/0309551, published December 6, 2012.

48.     By way of further example, United States Publication No. 2007/0033069 is prior art to both the '850 Patent and '890 Patent and discloses systems and methods to implement a fitness network system.  Figure 1 is reproduced below and shows the fitness network system that communicatively couples a plurality of locations to exchange fitness information, including workout schedules.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

11

COMPLAINT

BN 41485902v1

Case No. 2:20-cv-7081



49.     Other prior art references to both the '850 Patent and the '890 Patent show and describe exercise systems including local computer systems to display exercise routines to a user that is created, transmitted, or otherwise provided by a remote server system.  For example, United States Patent No. 6,193,631 (the " '631 Patent") and United States Patent Publication 2009/0258758 (the " '758 Publication") name a common inventor, Paul L. Hickman, and both describe an exercise system having a remote system that permits a main office to provide exercise programs, exercise equipment scripts, and other instructions to a local computer.  United States Patent Publication 2006/0223674, published October 5, 2006, discloses a centralized circuit control system including circuit scheduling and workout details that is then retrieved by client computers positioned at workout stations for providing instructions to users.

50.     The prior art references provided herein are intended as a non-exhaustive list of examples only.  On information and belief, other invalidating prior art references exist that anticipate the Challenged Patents or render them obvious.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT
BN 41485902v1

12

Case No. 2:20-cv-7081

**The Challenged Patents Lack A Sufficient Written Description, Do Not Enable The Claims, and Are Indefinite**

51. The stated purpose of the '890 Patent and the '850 Patent is to maintain motivated members by adding variety to their workouts.  It is alleged in the Challenged Patents that this variety is obtained by changing the workouts displayed of the displays located at the exercise stations and elsewhere within the fitness studio.  Absent the ability of a user to see the station instructions prevents users from properly performing the exercises at the various stations throughout the studio.

52. Independent claims 1, 3, 8, and 9 of the '890 Patent and independent claim 7 of the '850 Patent, and claims depending therefrom, include the limitation "communicating, by the studio computer to the exercise station displays, . . ., station directions to users exercising at the stations for performing an exercise" but fail to claim the essential element of "displaying the station directions on the displays" to allow the users exercising at the stations to actually see the station directions.  Without the essential element of "displaying the station direction on the displays," the invention would not be functional.

53. Defendants' failure to properly claim an element essential of the invention in the '890 Patent and the '850 Patent thereby render claims 1, 3, 8, and 9 of the '890 Patent and claim 7 of the '850 Patent, and all claims depending therefrom, invalid under 35 U.S.C. §112(b).

54. Independent claims 1, 3, 8, and 9 of the '890 Patent include the claim limitation "periodically physically redistributing the exercise stations within the fitness studio dependent upon the received studio information program file"; and independent claim 7 of the '850 Patent includes the claim limitation "configuring the exercise stations within the exercise lanes dependent upon the received studio information."

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

13

COMPLAINT

BN 41485902v1

Case No. 2:20-cv-7081

55. Neither the specification nor the referenced claims of the '890 Patent or '850 Patent describe how a computer can physically redistribute exercise stations within a fitness studio. Claims 1, 3, 8, and 9 of the '890 Patent or claim 7 of the '850 Patent, and claims depending therefrom, are directed to either a "computer implemented method" ('890 Patent, Claims 1 and 3; '850 Patent, Claim 7) or a "non-transitory computer readable storage medium" ('890 Patent, Claims 8 and 9). The claim limitation requiring that equipment be "periodically physically redistribute[ed]" or "configure[ed]" does not properly reside in either a "computer implemented method" or a "non-transitory computer readable storage medium" because it does not relate to a function to be performed by or a component contained within a computer, but rather is directed to a physical action of a human untethered in any way to the subject claims. Thus, the specification fails to adequately describe the full scope of the claimed inventions.

56. The subject claims and associated claim limitation are open to two possible interpretations. The first is that the computer is used to physically control the movement of the referenced exercise stations within the fitness studio. No support exists within the specification to explain why or how the claimed computer method or non-transitory computer readable storage medium is able to direct or effect such movement.

57. The alternative interpretation of the subject claims is that this claim limitation is intended to be performed by human users. However, this is in direct contradiction to the claim requirement that it is a "computer implemented method" ('890 Patent Claims 1 and 3; '850 Patent Claim 7) or a "non-transitory computer readable storage medium" ('890 Patent Claims 8 and 9).

58. Regardless of which interpretation of the subject claims or the associated claim limitation is adopted, claims 1, 3, 8, and 9 of the '890 Patent and claim 7 of the '850 Patent, and the claims depending therefrom, are invalid based upon 35 U.S.C. §§112(a) or (b).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT

14

Case No. 2:20-cv-7081

BN 41485902v1

59. The deficiencies in the patent description and claims provided herein are intended as a non-exhaustive list of examples only. On information and belief, other invalidating deficiencies exist that render the Challenged Patents invalid under 35 U.S.C. §§ 112(a) or (b).

### Body Fit Does Not Infringe the Challenged Patents

60. While Body Fit and F45 offer superficially similar services (circuit-based HIIT workouts with display screens positioned at various locations within the fitness studio), the Body Fit Technology differs in significant ways from F45's technology embodied in the Challenged Patents.

61. For example, while the '890 Patent requires that information regarding the exercise programs be "communicat[ed], by the server to a studio computer," Body Fit does not use a server to communicate information to its studios. '890 Patent, Claim 1; *see also*, '850 Patent, Claim 1 (requiring information to be received "by a studio computer from a server"). Instead, the information is periodically emailed to each studio, requiring the studio to manually download the information and copy it to a Body Fit-specific computer within the studio.

62. Because F45 has threatened to file, but not yet filed, an infringement action to enforce the Challenged Patents, Body Fit does not know what specific claims F45 contends Body Fit may infringe. On information and belief, Body Fit does not infringe all of the elements of any claim in either of the Challenged Patents, either directly or indirectly, either literally or under the doctrine of equivalents.

### FIRST CAUSE OF ACTION
### Patent Invalidity

63. Plaintiffs incorporate the allegations of paragraphs 1 through 62 as if set forth herein.

64. An actual and substantial controversy has arisen and now exists between the parties concerning the validity of the Challenged Patents.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

15

COMPLAINT

BN 41485902v1

Case No. 2:20-cv-7081

65. Defendants claim that the Challenged Patents are valid and may be asserted against Plaintiffs, and have threatened to assert the Challenged Patents against Plaintiffs.

66. The Challenged Patents are invalid under 35 U.S.C. § 101 as generic applications of an abstract idea as set forth in *Alice Corp. Pty Ltd. v. CLS Bank Intern.*, 573 U.S. 208 (2014).

67. The Challenged Patents are invalid under 35 U.S.C. § 102 because they were anticipated by existing prior art.

68. The Challenged Patents are invalid under 35 U.S.C. § 103 because they are obvious in light of the prior art.

69. The Challenged Patents are invalid under 35 U.S.C. § 112(a) because the claims are not enabled by the specification and the Challenged Patents lack a sufficient written description.

70. The Challenged Patents are invalid under 35 U.S.C. § 112(b) because the claims of the Challenged Patents are indefinite.

71. Plaintiff seeks a declaratory judgment that the Challenged Patents are invalid under 35 U.S.C. §§ 101, 102, 103, and 112.

## SECOND CAUSE OF ACTION

### Unenforceability of the '850 Patent

72. Plaintiff incorporates the allegations of paragraphs 1 through 71 as if set forth herein.

73. An actual and substantial controversy has arisen and now exists between the parties concerning the enforceability of the '850 Patent.

74. Defendants claim that the '850 Patent is enforceable and may be asserted against Plaintiff, and have threatened to assert the '850 Patent against Plaintiffs.

75. In connection with the application for the '850 Patent, the inventors of the '850 Patent, Messrs. Robert Deutsch and Adam Gilchrist, signed a declaration,

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

16

COMPLAINT

BN 41485902v1

Case No. 2:20-cv-7081

which under 37 C.F.R. § 1.63(c) obligated them to first review and understand their duty of good faith and candor before the USPTO and the requirement of 37 C.F.R. § 1.56 to disclose information material to patentability to the USPTO.

76. The '850 Patent is unenforceable because, despite their duty of candor, and with a specific intent to deceive the USPTO, Defendants made intentional and material misrepresentations or omissions to the USPTO including, but not limited to (i) at the time Defendants filed the '850 Patent, they were aware that the '604 Patent constituted material prior art and intentionally failed to disclose the existence of the '604 Patent to the USPTO, and (ii) allowing the "open environment" limitation to remain in the two independent claims of the '850 Patent even though, on information and belief, at the time Defendants amended the two independent claims of the '850 Patent to include an "open environment" limitation to overcome an anticipation rejection, Defendants knew that the specification of the '850 Patent failed to provide support for such a limitation.

77. The USPTO would not have issued the '850 Patent but for Defendants' failure to disclose material prior art, including the existence of the '604 Patent.

78. The USPTO would not have issued the materially amended claims but for Defendants' failure to inform the examiner that the "open environment" limitation was found to be unsupported by the specification in the related '890 Patent, and thus unsupported in the identical specification of the '850 Patent.

79. Plaintiff seeks a declaratory judgment that the '850 Patent is unenforceable under 37 CFR § 1.56.

### THIRD CAUSE OF ACTION
### Non-Infringement

80. Plaintiff incorporates the allegations of paragraphs 1 through 79 as if set forth herein.

81. An actual controversy has arisen and now exists between the parties concerning whether Plaintiff's use, importation, offer for sale, or sale of the Body

1  Fit Technology infringes any valid and enforceable claim of the Challenged
2  Patents.
3         82.    Defendants claim that Plaintiff infringes one or more claims of each of
4  the Challenged Patents and have threatened to assert the Challenged Patents against
5  Plaintiff.
6         83.    Plaintiff does not in fact infringe any valid and enforceable claim of
7  the Challenged Patents, either directly or indirectly, either literally or under the
8  doctrine of equivalents.
9         84.    Plaintiff seeks a declaratory judgment that making, using, importing,
10 offering to sell, and selling the Body Fit Technology does not and will not infringe
11 any valid and enforceable claim of the Challenged Patents.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendants:

1. Declaring the Challenged Patents invalid;
2. Declaring that the making, using, importing, offering to sell, and selling the Body Fit Technology does not and will not infringe any valid and enforceable claim of the Challenged Patents;
3. Enjoining Defendants from enforcing the Challenged Patents;
4. Awarding Plaintiff its costs and attorney's fees; and
5. Awarding Plaintiff such other relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

DATED: August 6, 2020

BUCHALTER
A Professional Corporation

By: */s/ J. Rick Taché*
      J. Rick Taché
      Roger L. Scott
      Kari L. Barnes
      Christina L. Trinh
      Attorneys for Plaintiffs

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 41485902v1